IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | Cr. A. No. 05- 91 |
| LINWOOD LIPSCOMB a/k/a LEN WOODS, | : | REDACTED |
| Defendant. | : | |

INDICTMENT

The Grand Jury for the District of Delaware charges that:

INTRODUCTION

1.  On or about November 7, 2003, in New Castle County, within the District of Delaware, defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS filed and caused to be filed in the United States Bankruptcy Court for the District of Delaware a bankruptcy petition in the proceeding entitled In re Rea E. Ashworth, Case No. 03-13415-JKF.

2.  On or about November 6, 2003, defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS certified in the bankruptcy petition in the case entitled In re Rea E. Ashworth, Case No. 03-13415-JKF, that (a) he was the "non-attorney petition preparer," (b) he prepared the petition for compensation, and (c) he provided the debtor, Rea E. Ashworth, with a copy of the petition.

3.  On or about November 6, 2003, defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS in the bankruptcy petition in the case entitled In re Rea E. Ashworth, Case No. 03-13415-JKF, signed and caused to be signed the name "LEN WOODS," as the "non-attorney petition preparer," when he then and there well knew that his true name was LINWOOD LIPSCOMB.

FILED
OCT 13 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

4. On or about December 10, 2003, the bankruptcy court issued an order dismissing Case No. 03-13415-JKF for failure timely to file schedules. That case was terminated on or about April 6, 2004.

5. On or about September 13, 2004, in New Castle County, within the District of Delaware, defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS, filed and caused to be filed in the United States Bankruptcy Court for the District of Delaware a bankruptcy petition in the proceeding entitled In re Rea E. Ashworth, Case No. 04-12622-JKF.

6. On or about September 8, 2004, defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS certified in the bankruptcy petition in the case entitled In re Rea E. Ashworth, Case No. 04-12622-JKF, that (a) he was the "non-attorney petition preparer," (b) he prepared the petition for compensation, and (c) he provided the debtor, Rea E. Ashworth, with a copy of the petition.

7. On or about September 8, 2004, defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS in the bankruptcy petition in the case entitled In re Rea E. Ashworth, Case No. 04-12622-JKF, signed and caused to be signed the name "LEN WOODS," as the "non-attorney petition preparer," when he then and there well knew that his true name was LINWOOD LIPSCOMB. Under the name LEN WOODS, the defendant listed his social security number as XXX-XX-4271, whereas, in truth and in fact, he then and there well knew that number had not been assigned to him by the Secretary of the United States Department of Health and Human Services.

8. On or about May 19, 2005, the bankruptcy court issued an order dismissing with prejudice Case No. 04-12622-JKF.

## COUNT ONE

9. Paragraphs 1-4 are incorporated herein by reference.

10. On or about November 7, 2003, in the State and District of Delaware, in the case entitled In re Rea E. Ashworth, Case No. 03-13415-JKF, defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS knowingly and fraudulently made and caused to be made the following material false declaration and statement under penalty of perjury, within the meaning of Title 28, United States Code, Section 1746, in and in relation to a case under Title 11 of the United States Code, to wit, in the petition filed in the bankruptcy case No. 03-13415-JFK, defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS falsely stated and forged Rea E. Ashworth's signature and social security number; whereas, in truth and in fact, as defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS then and there well knew, Rea E. Ashworth had not signed the petition and did not have knowledge that it was being filed, in violation of Title 18, United States Code, Section 152(3) and 2(b).

## COUNT TWO

11. Paragraphs 1-4 above are incorporated herein by reference.

12. On or about November 6, 2003, defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS knowingly and fraudulently made an oath in relation to the bankruptcy petition in the case entitled In re Rea E. Ashworth, Case No. 03-13415-JKF, to wit, he certified (a) that he was the "non-attorney petition preparer," (b) that he prepared the petition for compensation, and (c) that he provided the debtor, Rea E. Ashworth, with a copy of the petition; whereas, in truth and in fact, as defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS then and there well knew, he had not prepared the petition for compensation nor had he provided the debtor, Rea E. Ashworth, with a copy of the petition, in violation of Title 18, United States Code Sec. 152(2) and 2(b).

## COUNT THREE

13. Paragraphs 5-8 above are incorporated herein by reference.

14. On or about September 13, 2004, in the State and District of Delaware, in the case entitled In re Rea E. Ashworth, Case No. 04-12622-JKF, defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS knowingly and fraudulently made and caused to be made the following material false declaration and statement under penalty of perjury, within the meaning of Title 28, United States Code, Section 1746, in and in relation to a case under Title 11 of the United States Code, to wit, in the petition filed in the bankruptcy case No. 04-12622-JFK, defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS falsely stated and forged Rea E. Ashworth's signature and social security number; whereas, in truth and in fact, as defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS then and there well knew, Rea E. Ashworth had not signed the petition and did not have knowledge that it was being filed, in violation of Title 18, United States Code Section 152(3) and 2(b).

## COUNT FOUR

15. Paragraphs 5 through 8 above are incorporated herein by reference.

16. On or about September 8, 2004, defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS knowingly and fraudulently made an oath in relation to the bankruptcy petition in the case entitled In re Rea E. Ashworth, Case No. 04-12622-JKF, to wit, he certified (a) that he was the "non-attorney petition preparer," (b) that he prepared the petition for compensation, and (c) that he provided the debtor, Rea E. Ashworth, with a copy of the petition; whereas, in truth and in fact, as defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS then and there well knew, he had not prepared the petition for compensation nor had he provided the debtor, Rea E. Ashworth, with a copy of the petition, in violation of Title 18, United States Code Sec. 152(2) and 2(b).

## COUNT FIVE

17.  Paragraphs 5 through 8 above are incorporated herein by reference.

18.  On or about September 13, 2004, in New Castle County, within the District of Delaware, defendant LINWOOD LIPSCOMB, a/k/a LEN WOODS, with intent to deceive, and for the purpose of pursuing a bankruptcy case in the District of Delaware, falsely represented that Social Security account number XXX-XX-4271 had been assigned to him by the Secretary of the United States Department of Health and Human Services when in fact such number was not the account number assigned to him, in violation of Title 42, United States Code, Section 408(a)(7)(B).

A TRUE BILL:

_____
Foreperson

COLM F. CONNOLLY
United States Attorney

By: _____
Shannon T. Hanson
Assistant United States Attorney

Dated: October 13, 2005