

**U.S. Department of Justice**

*United States Attorney's Office
District of Delaware*

---

*The Nemours Building
1007 N. Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046*

*(302) 573-6277
FAX (302) 573-6220*

February 23, 2006

**VIA CM/ECF**

The Honorable Kent A. Jordan
District Judge
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    RE:   **United States v. Linwood Lipscomb - 05-91-KAJ**

Dear Judge Jordan:

    I am pleased to report that the parties have been able to achieve a pre-trial resolution of this matter. Accordingly, it is my understanding that the defendant is prepared to tender his plea tomorrow, February 24, 2006 at 2:00 p.m., the date and time previously scheduled for the pre-trial conference.

    In anticipation of the Rule 11 hearing before your Honor, enclosed please find the proposed Memorandum of Plea Agreement between the government and the defendant. Pursuant to this agreement, Mr. Lipscomb will plead guilty to Count Two of the Indictment in this case, charging him with bankruptcy fraud in violation of 18 U.S.C. Section 152(2). While Mr. Hurley and I have agreed to this plea, Mr. Hurley is presently in a rape trial in Superior Court and has yet to review the one modification from the prior draft, suggested by his client, contained herein. Accordingly, while I do not anticipate them, if there are any changes to the Memorandum, we will provide the final draft to the Court prior to the hearing.

    Please contact me should your Honor have any questions.

                Respectfully submitted,

                COLM F. CONNOLLY
                United States Attorney

    BY:
                Shannon Thee Hanson
                Assistant United States Attorney

Enclosure

cc:  Joseph Hurley, Esq.
     Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Criminal Action No. 05-91-KAJ |
| v. | ) |
| LINWOOD LIPSCOMB, a/k/a | ) |
| LEN WOODS | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and the defendant, Linwood Lipscomb a/k/a Len Woods, by and through his attorney, Joseph A. Hurley, Esquire, the following agreement is hereby entered into by the respective parties:

1.      The defendant shall plead guilty in the United States District Court for the District of Delaware to Count Two of the Indictment against him. Count Two charges the defendant with bankruptcy fraud, in violation of Title 18, United States Code, Section 152(2), which carries a maximum sentence of five years imprisonment, three years supervised release, a $250,000 fine, restitution, and a special assessment of $100.00.

2.      The defendant agrees to pay the $100 special assessment on or before the day of sentencing.

3.    The defendant understands that the following are the elements of the bankruptcy fraud offense to which he is pleading guilty and which the government would have to prove were this matter to go to trial:

First, that there existed a proceeding in bankruptcy, specifically *In re Rea E. Ashworth,* Case No. 03-13415-JKF, in the U.S. Bankruptcy Court for the District of Delaware;

Second, that the defendant made a statement under oath in or in relation to that bankruptcy proceeding;

Third, that the oath concerned a material fact, that is, the defendant certified (a) that he was a "non-attorney petition preparer," (b) that he prepared the petition for compensation, and (c) that he provided the debtor, Rea E. Ashworth, with a copy of the petition;

Fourth, that the statement under oath was false, because the defendant then and there knew that he had not prepared the petition for compensation nor had he provided the debtor, Rea E. Ashworth, with a copy of the petition; and

Fifth, that the defendant made the statement knowingly and with intent to defraud.

4.    At or before sentencing, the government agrees to dismiss Counts One, Three, Four, and Five of the Indictment.

5.    The defendant agrees to pay restitution to his victims, including Washington Mutual, as part of his sentence.

6.    Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under U.S.S.G. § 3E1.1(a) based on the defendant's conduct to date.

7.    The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an

2

appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the applicable sentencing range set forth by the Sentencing Guidelines.

8.    The defendant recognizes that the final determination of his sentence will be made by the Court. The defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or imposes a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

9.    The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the Sentencing Court's rulings at any subsequent proceedings, including any appeal.

10.    It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this

///////////

3

Memorandum are null and void and have no effect whatsoever.

                                        COLM F. CONNOLLY
                                        United States Attorney

_____    By:_____
Joseph A. Hurley, Esq.                  Shannon Thee Hanson
Attorney for Defendant                  Assistant United States Attorney


_____
Linwood Lipscomb
Defendant

Dated:    February 24, 2006

                            ***

**AND NOW**, this _____ day of February, 2006, the foregoing Memorandum of Plea

Agreement is hereby (accepted) (rejected) by this Court.



                        _____
                        THE HONORABLE KENT A. JORDAN
                        United States District Judge
                        U.S. District Court, District of Delaware

4