IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>        Plaintiff,  )<br>  )<br>v.  )<br>  )<br>LINWOOD LIPSCOMB  )<br>  aka LEN WOODS,  )<br>        Defendant.  ) | Criminal Action No. 05-91-KAJ |

## PRELIMINARY JURY INSTRUCTIONS

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

### Duty of Jury

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. At the close of the evidence, I will give you further instructions on the law. You will need to take my instructions on the law and apply them to the facts, as you find them. You must follow my instructions on the law whether you agree with them or not.

Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

### Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, and the documents and other things admitted into evidence. In addition, the

evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the Rules of Evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, you should ignore the question or document in question. If I overrule an objection and allow the matter into evidence, treat the testimony or document like any other evidence. If I instruct you that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this does occur during the trial, I will try to clarify the issue for you at that time.

3. I reemphasize, you should not consider testimony and documents I have excluded and not admitted into evidence.

4. Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

**Nature of the Case & Burden of Proof**

This is a criminal case. As I mentioned earlier while we were going through the process for selecting you for this jury, this case involves allegations that the defendant made false declarations in connection with bankruptcy proceedings. At the end of the case, before you begin your deliberations, I will give you instructions on the applicable law, including an instruction on the burden of proof that the government bears, but for now I want to simply note for you that the burden is upon the government to prove beyond a reasonable doubt the criminal charges it has brought against the defendant.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly. There are important reasons for this, including the need for you to keep an open mind throughout the presentation of evidence.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case. Please don't do any sleuthing on the internet, for

example. You are to decide the case upon the evidence.

Again, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

### Instructions on Taking Notes

If you wish to, you may take notes during the evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. And remember that they are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. However, you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1. <u>Note-taking is permitted, not required</u>. Each of you may take notes. No one is required to take notes.

2. <u>Be brief</u>. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Over-indulgence in note-taking may be distracting. You, the jurors, must pass on the credibility of witnesses;

hence, you must observe the demeanor and appearance of each person on the witness stand to assist you in passing on his or her credibility. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation itself.

3. <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a stimulant to your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.

4. <u>Do not take your notes away from court</u>. I repeat, at the end of each day, please leave your notes in the jury room. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations.

**Some Logistical Information**

1. Temperature – dress in layers. It is difficult for our landlord, the Government Services Administration, to maintain a constant temperature in the building. That is particularly true when the seasons are changing and the temperature outside can be

erratic. So bring a sweater or jacket you can wear if the air conditioning is overdone but which you can take off if things get too warm.

    2. Jury Stickers – Please wear the stickers you've been given that identify you as jurors. We don't have specialized access for you to the elevators or other common areas in the building. You will be sharing those with the representatives of the parties and others who have business with the Court. Everyone wants to help you maintain the appropriate detachment you must have in order to avoid being influenced by things outside the courtroom. By wearing your stickers, you help the parties and others to preserve that detachment. And please, do not be offended if the attorneys or court personnel or others involved in the trial seem stand-offish when you see them in the elevators or elsewhere in the building. Again, they are not trying to be unfriendly, but they are obligated to avoid contact with you outside the context of the presentations in the courtroom.

    3. Security System and Timeliness – You'll recall that when you came into the building today, you had to go through a security screening system. If you had a cell phone, you had to check that in with one of the Court Security Officers. Such screening can cause delays, so please plan your arrival time at court in a manner that will allow you to be in the jury room before 9:00 a.m. each day of trial so that you can all come in and be seated together in the jury box promptly at 9:00. I should note that, sometimes, the other participants in this proceeding may cause you to wait. You will have done your part and arrived in the morning or after a break so that we can begin on time and yet you will be left in the jury room. I promise that I will do my utmost to hold such delays to the absolute minimum. We may be able to eliminate them entirely, but there

are times during the course of a trial when matters arise which could not reasonably have been anticipated and which require the Court's attention. For example, the attorneys may have a legal issue which they need help resolving and in which it would not be appropriate to have you involved. If we have to deal with matters outside your presence, please be patient. Likewise, if I am required to deal with other proceedings, I ask your indulgence. Neither the Court nor the parties mean you any disrespect by a delay. On the contrary, your willingness to serve and the sacrifice of your time is deeply appreciated by all of us involved in these proceedings.

4. Schedule – A few additional words about the daily schedule: as I mentioned, we will begin taking testimony tomorrow at 10:00 a.m. We will plan to have a break at mid-morning (at about 11:00), to recess for a one-hour lunch at approximately 12:30, to have a mid-afternoon break (at about 3:00), and to conclude the taking of testimony by 4:30 p.m. sharp. You can plan that you will be able to leave court by 4:30.

### Course of the Trial

The trial will now begin. First, the government and the defendant may, if they choose, make opening statements. An opening statement is neither evidence nor argument. It is presented to give you an overview and to help you follow the evidence that may be offered.

After the opening statements, the government, which bears the burden of proof, will present its witnesses, and the defendant, through counsel, may cross-examine them. Documents and other items may be offered in evidence.

When all the evidence is in, the attorneys may make their closing arguments to summarize and interpret the evidence for you. After that, I will give you instructions on the law. You will then retire to deliberate on your verdict.

Case 1:05-cr-00091-KAJ    Document 23    Filed 03/01/2006    Page 8 of 8