IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| V. | ) Cr.A. No. 05-91-KAJ |
| | ) |
| LINWOOD LIPSCOMB, | ) |
| | ) |
| Defendant. | ) |

### MOTION TO WITHDRAW AS COUNSEL

COMES NOW the undersigned attorney who is counsel of record in the proceedings conducted in the United States District Court for the District of Delaware and who, at the request of the defendant, has filed the pro se appeal in this same Court and who wishes to withdraw from representation for all and any future proceedings in this matter, and in support of such application, represents:

1. Defense counsel was engaged to represent the defendant throughout the District Court proceedings only. There was never any agreement to act as the defendant's legal representative beyond that.

2. An antagonism has arisen between attorney and client since the sentencing date was rescheduled at counsel's request. The sentencing date was rescheduled because of the late appearance of a letter, directed to

1

the Court, by the victim in this matter. The letter contained various and sundry accusations of wrongdoing on the part of the defendant. The Court allowed a continuance so that the defendant could respond to the allegations. Within days after the original sentencing date was continued, counsel provided the defendant with a "checklist" of issues that the defendant had to address so that counsel could file a written response. Counsel provided a deadline for the receipt of the materials. It was counsel's intention to review the materials and meet with the defendant in order to create a responsive written answer.

3. The defendant complained to counsel's receptionist that he had not been advised of the deadline for the transmission of the response to the checklist. He complained he did not have enough time and that he was working on it. There were several telephonic communications between counsel's receptionist and the defendant. By way of an aside, counsel's voice mail, which is operated during off office hours, clearly indicates that it is designed to accept messages from new clients or clients with an emergency. Notwithstanding the fact that the defendant had been told, historically, not to use the after-hours voice mail in order to effect communications,

2

on several occasions, during the several weeks leading up to the sentencing, he chose to utilize that procedure rather than call counsel during office hours. Consequently, all of the communications leading up to the sentencing occurred between counsel's receptionist and the defendant.

    4.   The complaints that were relayed to counsel through this communication process included the following:

        a.  Counsel had not filed a Motion for a New Trial. There was one conversation between counsel and the defendant where counsel indicated that the time for filing for a new trial had passed. Moreover, counsel indicated that there was no good faith basis for seeking a new trial. The defendant told counsel's receptionist that he had spoken to other attorneys who said that counsel could file for a new trial.

        b.  The defendant complained that it was not his obligation to be getting character letters, but he was essentially doing counsel's work. Furthermore, the defendant complained that he had not been given sufficient time within which to obtain character letters. By way of an aside, counsel has in his files a letter

    dated March 3rd asking the defendant to produce character letters.

  c. The defendant complained it was counsel's obligation to gather the information necessary to answer the questions posed by counsel rather than the defendant's. In short, the defendant displayed the same demeanor in his relationship with counsel over the course of the past four weeks that he displayed in Court.

5. It is clear that the defendant holds counsel accountable for the ills that have befallen him. He uttered in Court that he just wanted to "tell the truth" and, without getting into attorney/client communications, suffice it to say the defendant seems to blame counsel for the defendant's lack of opportunity, as he reasons it, to have presented his version of events.

6. An air of antagonism has erupted between counsel and the defendant as a result of the circumstances cited above and which are exemplary of other "symptoms" of an <u>in futuro</u> filing of a Motion seeking to declare counsel ineffective and incompetent.

4

7. Under the circumstances, counsel cannot advocate the position of the defendant with regard to any appeal.

WHEREFORE, the undersigned attorney of record moves to withdraw as counsel in this matter.

                                   _____
                                   Joe Hurley
                                   1215 King Street
                                   Wilmington, DE 19801
                                   (302)658-8980

Dated: July 14, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| V. | ) | Cr.A. No. 05-91-KAJ |
| | ) | |
| LINWOOD LIPSCOMB, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

ORDERED this _____ day of _____, 2006, A.D., that Joe Hurley is permitted leave of the Court to withdraw as counsel in the above-noted matter.

_____
J.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr.A. No. 05-91-KAJ |
| | ) |
| LINWOOD LIPSCOMB, | ) |
| | ) |
| Defendant. | ) |

CERTIFICATE OF SERVICE OF
MOTION TO WITHDRAW AS COUNSEL

I hereby certify that two copies of the foregoing Motion to Withdraw as Counsel were hand delivered to the following person on July 17, 2006:

Shannon Thee Hanson, Esquire
U.S. Attorney's Office
Suite 700
1007 Orange Street
Wilmington, DE 19801

and two copies were mailed, via first class mail, to the following person at each address on July 17, 2006:

Linwood Lipscomb
Salem County Correctional
   Facility
125 Cemetery Road
Woodstown, NJ 08098

Linwood Lipscomb
2813 North Ringgold St.
Philadelphia, PA 19133

Joe Hurley
1215 King Street
Wilmington, DE 19801
(302)658-8980

Dated:  July 14, 2006