NOT PRECEDENTIAL

_____

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3445
_____

UNITED STATES OF AMERICA

v.

LINWOOD LIPSCOMB
a/k/a Len Woods

Linwood Lipscomb,
        Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(No. 05-cr-00091)
District Judge: Hon. Kent A. Jordan

Submitted Under Third Circuit LAR 34.1(a)
June 10, 2008

Before: AMBRO, CHAGARES, and GREENBERG, Circuit Judges.
_____

(Filed: July 7, 2008)


OPINION OF THE COURT


CHAGARES, Circuit Judge.

Defendant-Appellant Linwood Lipscomb (Lipscomb) appeals his sentence, contending that the District Court failed to apply the sentencing factors set forth in 18 U.S.C. § 3553(a) and that his sentence is unreasonable.  Lipscomb also argues that the District Court improperly applied a two-level sentencing enhancement for obstruction of justice.  Because there is ample record evidence that the District Court considered the § 3553(a) factors and imposed a sentence that reflects a reasonable application of those factors, and because that sentence did not include an improper sentencing adjustment, we will affirm the District Court's decision in all respects.

I.

As we write only for the parties, our summary of the facts is brief.  On October 13, 2005, a federal grand jury returned a five-count indictment charging Lipscomb with two counts of bankruptcy fraud in violation of 18 U.S.C. § 152(3), two counts of bankruptcy fraud in violation of 18 U.S.C. § 152(2), and one count of misuse of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B).  After a two-day trial in March 2006, a jury found Lipscomb guilty of the four bankruptcy fraud charges and acquitted him on the misuse of a social security number charge.  Based on Lipscomb's trial testimony, the probation officer preparing Lipscomb's Presentence Report (PSR) recommended a two-level enhancement for obstruction of justice pursuant to United States Sentencing Guideline (U.S.S.G.) § 3C1.1.  At Lipscomb's sentencing hearing on June 12, 2006, the District Court noted that the Guideline calculations, which included the two-level

2

obstruction-of-justice adjustment, indicated an Offense Level of 12, yielding a Guideline range of 12 to 18 months imprisonment. Both the Government and Lipscomb's counsel agreed that this calculation was accurate, and the District Court granted a continuance to permit Lipscomb to respond to a victim impact statement. At the continuation of the sentencing hearing, on July 7, 2006, the District Court sentenced Lipscomb to 36 months imprisonment. This appeal followed.

II.

A.

Lipscomb first contends that the District Court improperly applied a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Because Lipscomb did not object to his sentence on this ground during his sentencing hearing, we review the District Court's judgment for plain error, United States v. Watson, 482 F.3d 269, 274 (3d Cir. 2007), and conclude that such error is not present in this case.

At trial, Lipscomb testified that his "sister" filed a 2004 bankruptcy petition on his behalf and that he did not instruct her to use a fake social security number. During his PSR interview, however, Lipscomb informed the probation officer that his only siblings are two older brothers and one younger foster brother. The officer concluded that Lipscomb created the scenario of a fictitious sister changing the bankruptcy petition without his knowledge, and that he gave false testimony at trial. On this basis, the officer recommended a two-level enhancement for obstruction of justice. At his sentencing

3

hearing, Lipscomb told the District Court that he does not have a biological sister, but that the woman who filed the 2004 bankruptcy petition for him had "always been like a sister" to him. Appendix (App.) 31. His counsel also argued that the term "sister" is "loosely used" in the African-American community. App. 34. The District Court determined that Lipscomb's use of the word "sister" was false testimony, rejected Lipscomb's claims about his intentions in using the term, and found that Lipscomb's testimony about his "sister" related to a material matter because it targeted a particular count for which Lipscomb was acquitted at trial, namely, the misuse of a social security number charge.

U.S.S.G. § 3C1.1 provides in relevant part: "If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the . . . prosecution . . . of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct[,] . . . increase the offense level by 2 levels." "Perjury is one of the types of conduct to which [§ 3C1.1] applies." United States v. Johnson, 302 F.3d 139, 154 (3d Cir. 2002); see also U.S.S.G. § 3C1.1 App. Note 4(b). For the purposes of § 3C1.1, a defendant commits perjury if he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). The facts underlying a sentencing enhancement need only be proven by a preponderance of the evidence. See Johnson, 302 F.3d at 154.

4

Under oath, Lipscomb testified that he signed and dated the 2004 bankruptcy petition, but that his sister completed and filed the form, inserting the fake social security number that was the subject of the last count in Lipscomb's indictment. App. 23-24. Ultimately, the jury found Lipscomb not guilty on this count. In addition to claiming he inadvertently referred to the woman as his sister, Lipscomb also claims that the critical point of this testimony was that he instructed "some other person" to file the petition on his behalf, and that individual's relation to him was "not really significant." Appellant Br. at 16-17.

The preponderance of the evidence supports the District Court's determination that Lipscomb's testimony regarding his "sister" was not a result of confusion or mistake, but rather a willful lie related to a material matter and intended to affect the outcome of the trial. Lipscomb first referenced his sister's involvement when questioned on redirect examination about the 2004 bankruptcy petition. He repeatedly referred to his sister's role while explaining how additional information, including the fake social security number, was inserted onto the petition.[1] Lipscomb was asked several plain questions about his sister's involvement, and all of his answers indicated that he had entrusted the bankruptcy petition to a sibling. The jury arguably believed his story, as Lipscomb was

---

[1] When asked what happened to the 2004 bankruptcy petition, Lipscomb replied, " . . . [M]y sister, I told her to go file it for me. And she went and filed it." App. 23. When questioned about how the fake social security number and other information were entered onto the petition, Lipscomb answered, "My sister put it there," and stated that he did not tell his sister to use a false number. App. 24. In response to the question, "How do you get along with your sister, now?" Lipscomb replied, "Off and on. It's not the best." Id.

5

acquitted of the misuse of a social security number charge. Regardless of the actual effect Lipscomb's statements had on the final verdict, they targeted at least one of the charges contested at trial. Therefore, the District Court did not err in concluding that Lipscomb misled the court on a material matter, and it properly applied the two-level sentencing enhancement. See U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n.6 (providing that a "material" statement, "as used in th[e] section," is a statement that, "if believed, would tend to influence or affect the issue under determination").

B.

Lipscomb also contends that the District Court's consideration and application of the § 3553(a) sentencing factors were inadequate. We review a sentence imposed by a District Court for reasonableness. United States v. Cooper, 437 F.3d 324, 326 (3d Cir. 2006). This inquiry has two steps, because, in the sentencing context, reasonableness has both procedural and substantive components. See, e.g., United States v. Ferguson, 456 F.3d 660, 664 (6th Cir. 2006). First, we must review the record to determine if the District Court exercised its discretion by considering the relevant factors enumerated in § 3553(a).[2] Id. at 329. If the record makes clear that the District Court gave meaningful

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to: (A) reflect the seriousness of the offense, promote response for the law, and provide just punishment for the offense; (B) adequately deter criminal conduct; (C) protect the public from further crimes; (D) provide the defendant with training and treatment; (3) the kinds of sentencing and the established sentencing range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants; and (7) the need to provide restitution to any victims. 18 U.S.C. §

consideration to the § 3553(a) factors, our analysis must proceed to the substantive aspect of reasonableness: an evaluation of whether the sentence reflects a rational application of those factors. Cooper, 437 F.3d at 329.

Although there is no bright-line test to determine what depth of analysis qualifies as "meaningful consideration," we have articulated certain principles that guide our review in this respect. On the one hand, the District Court "need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." Cooper, 437 F.3d at 329 (internal citations omitted). On the other hand, a "rote statement" that the Court has considered the § 3553(a) factors is insufficient. Id. This is so because "there is no way to review a court's exercise of discretion if it does not articulate the reasons underlying its decision." Id. (quoting United States v. Johnson, 388 F.3d 96, 101 (3d Cir. 2004) (internal quotations omitted)). In view of these principles, the question is whether "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Schweitzer, 454 F.3d 197, 204 (3d Cir. 2006). In this case, there is ample evidence that the District Court considered the § 3553(a) factors in imposing its sentence. First, the court considered § 3553(a)(4), because it recited the Guideline range and noted its "advisory" nature. App. 33, 47. Next, it stated its reasons for imposing a sentence above the advisory range. These factors included the nature and

---

3553(a).

circumstances of Lipscomb's bankruptcy-fraud offenses and his own personal characteristics. See § 3553(a)(1). The court deemed Lipscomb's offenses "especially egregious" due to the fact that Lipscomb twice abused the bankruptcy process, harming creditors and Rea Anderson, whose name Lipscomb used to make the false filings. App. 55-56. The court also characterized Lipscomb as a "serial abuser of the judicial system" who "lied in court" and was on probation for a fraud-type offense when he committed the bankruptcy fraud at issue. App. 54, 56. The court further articulated the need to sentence Lipscomb above the Guidelines range in order to "promote the defendant's respect for the law," and "protect the public from further crimes." App. 56. See § 3553(a)(2)(A), (C). Moreover, the court's explanation for Lipscomb's sentence demonstrates consideration that any sentencing disparity between Lipscomb and similarly situated defendants was necessary under the circumstances. See § 3553(a)(6); App. 55 (" . . . I'm going to sentence you to a term of imprisonment above the sentencing guideline range because I believe you are outside the ordinary case here.")

Lipscomb contends that the District Court did not adequately consider his age, minor criminal record,[3] family situation, lack of drug or alcohol problems, military service, or employment history in imposing the sentence. As background characteristics of the defendant, these factors all fall under § 3553(a)(1), and do not warrant remand in this case. The District Court reviewed the PSR, which provided information regarding

---

[3] The court listed Lipscomb's criminal history as a factor supporting a sentence *above* the Guideline range.

8

Lipscomb's personal history and criminal conduct, and adopted its offense level, criminal history category, and Guidelines range without objection from Lipscomb. App. 33, 47. Given the entire record in this case, the District Court's determination not to give the factors emphasized by Lipscomb the weight Lipscomb argues they deserve does not make the sentencing procedure unreasonable. Cf. United States v. Bungar, 478 F.3d 540, 546 ("Nor do we find that a district court's failure to give mitigating factors the weight a defendant contends they deserve renders the sentence unreasonable.")

III.

The sole remaining issue is the substantive aspect of reasonableness, i.e., whether the sentence imposed by the District Court reflects a reasonable application of the § 3553(a) factors. Lipscomb argues that because the District Court did not give appropriate weight to certain § 3553(a) factors, it did not reasonably apply these factors. As we have stated, the District Court's sentence was procedurally reasonable; therefore, this argument is unpersuasive. Moreover, we will uphold an above-Guidelines sentence provided it is reasonable and the District Court's statement of reasons supports it. See United States v. Douglas, 244 Fed. Appx. 411, 413 (3d Cir. 2007). Here, the District Court cited four main reasons for such a sentence; namely, the need for the sentence imposed to reflect the seriousness of the offenses, promote Lipscomb's respect for the law, deter Lipscomb from further criminal behavior, and protect the public. App. 55-56. The record demonstrates

9

that the court elaborated on each of these reasons why a sentence within the Guideline range was insufficient, and we will uphold its decision.

IV.

For the foregoing reasons, we will affirm the decision of the District Court in all respects.